UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK ALLEN BURKE,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. 3:22-cv-00414<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable William L. Campbell, District Judge

## REPORT AND RECOMMENDATION

Plaintiff Patrick Allen Burke filed this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration (SSA) denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. (Doc. No. 1.) The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 2.) Burke has filed a motion for judgment on the administrative record (Doc. No. 14), to which the Acting Commissioner has responded in opposition (Doc. No. 18), and Burke has filed a reply (Doc. No. 19). Having considered the parties' arguments and the administrative record (Doc. No. 10) as a whole, the Magistrate Judge will recommend that the Court deny Burke's motion and affirm the Acting Commissioner's decision.

## I. Background

### A. Burke's DIB Application

Burke applied for DIB on September 27, 2019, alleging that he has been disabled and unable to work since May 30, 2014, due to spinal stenosis, degenerative disc disease, coronary

artery disease, diabetes, peripheral neuropathy, depressive disorder, and skin cancer. (AR 40–41.[1]) The Commissioner denied Burke's application initially and on reconsideration. (AR 46, 57.) At Burke's request, an administrative law judge (ALJ) held a telephonic hearing regarding his application on February 10, 2021. (AR 27–39, 75–79.) Burke appeared with counsel and testified. (AR 29, 31–36.) The ALJ also heard testimony from a vocational expert. (AR 36–38.)

**B. The ALJ's Findings**

On February 24, 2021, the ALJ issued a written decision finding that Burke was not disabled within the meaning of the Social Security Act and applicable regulations and denying his claim for DIB. (AR 16–23.) The ALJ made the following enumerated findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2017.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of May 30, 2014 through his date last insured of March 31, 2017 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairments: cervical and lumbar degenerative disc disease and obesity (20 CFR 404.1520(c)).
>
> * * *
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> * * *
>
> 5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

---

[1] The transcript of the administrative record (Doc. No. 14) is referenced herein by the abbreviation "AR." All page numbers cited in the AR refer to the Bates stamp at the bottom right corner of each page.

*          *          *

> 6. Through the date last insured, the claimant was capable of performing past relevant work as a sales clerk, Dictionary Occupational Titles (DOT)#290.477-014 light and semiskilled.[ ] This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

*          *          *

> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 30, 2014, the alleged onset date, through March 31, 2017, the date last insured (20 CFR 404.1520(f)).

(AR 18–23.) The Social Security Appeals Council denied Burke's request for review on April 11, 2022, making the ALJ's decision the final decision of the Acting Commissioner.[2] (AR 1–7.)

### C. Appeal Under 42 U.S.C. § 405(g)

Burke filed this action for review on June 8, 2022 (Doc. No. 1), and this Court has jurisdiction under 42 U.S.C. § 405(g). Burke argues that the Court should remand this case to the SSA for reconsideration because the ALJ improperly evaluated the severity of his orthopedic impairments and misclassified Burke's prior work as a salesclerk as substantial gainful activity. (Doc. No. 15.) The Acting Commissioner responds that the ALJ complied with SSA regulations and that substantial record evidence supports his decision. (Doc. No. 18.) Burke filed a reply. (Doc. No. 19.)

### D. Review of the Record

The ALJ and the parties have thoroughly described and discussed the medical and testimonial evidence in the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to address the parties' arguments.

---

[2] The Acting Commissioner was appointed to replace the former Commissioner on July 9, 2021. *See Soc. Sec. Admin.—Legality of Serv. of Acting Comm'r*, B-333543, 2022 WL 326059, at *2 (Comp. Gen. Feb. 1, 2022).

## II. Legal Standards

### A. Standard of Review

This Court's review of an ALJ's decision is limited to determining (1) whether the ALJ's findings are supported by substantial evidence and (2) whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a preponderance but "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co.*, 305 U.S. at 229); *see also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (same). Further, "[t]he Social Security Administration has established rules for how an ALJ must evaluate a disability claim and has made promises to disability applicants as to how their claims and medical evidence will be reviewed." *Gentry*, 741 F.3d at 723. Where an ALJ fails to follow those rules or regulations, "we find a lack of substantial evidence, 'even where the conclusion of the ALJ may be justified based upon the record.'" *Miller*, 811 F.3d at 833 (quoting *Gentry*, 741 F.3d at 722).

### B. Determining Disability at the Administrative Level

Burke applied for DIB under Title II of the Social Security Act, which is an insurance program that "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988). To receive DIB, Burke must establish that he had a disability on or before the last date he was eligible for insurance under Title II, which is determined based on his earnings record. *See* 42 U.S.C. § 423(a)(1)(A), (c)(1);

20 C.F.R. § 404.130. "Disability" in this context is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

ALJs must employ a "five-step sequential evaluation process" to determine whether a claimant is disabled, proceeding through each step until a determination can be reached. 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ considers the claimant's work activity. *Id.* § 404.1520(a)(4)(i). "[I]f the claimant is performing substantial gainful activity, then the claimant is not disabled." *Miller*, 811 F.3d at 834 n.6. At step two, the ALJ determines whether the claimant suffers from "a severe medically determinable physical or mental impairment" or "combination of impairments" that meets the 12-month durational requirement. 20 C.F.R. § 404.1520(a)(4)(ii). "If the claimant does not have a severe impairment or combination of impairments [that meets the durational requirement], then the claimant is not disabled." *Miller*, 811 F.3d at 834 n.6. At step three, the ALJ considers whether the claimant's medical impairment or impairments appear on a list maintained by the SSA that "identifies and defines impairments that are of sufficient severity as to prevent any gainful activity." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); *see* 20 C.F.R. § 404.1520(a)(4)(iii). "If the claimant's impairment meets or equals one of the listings, then the ALJ will find the claimant disabled." *Miller*, 811 F.3d at 834 n.6. If not, the ALJ proceeds to step four. *Combs*, 459 F.3d at 643; *see also Walker v. Berryhill*, No. 3:16-1231, 2017 WL 6492621, at *3 (M.D. Tenn. Dec. 19, 2017) (explaining that "[a] claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability and ends the inquiry"), *report and recommendation adopted*, 2018 WL 305748 (M.D. Tenn. Jan. 5, 2018).

At step four, the ALJ evaluates the claimant's past relevant work and "'residual functional capacity,' defined as 'the most [the claimant] can still do despite [his] limitations.'" *Combs*, 459 F.3d at 643 (first alteration in original) (quoting 20 C.F.R. § 404.1545(a)(1)); *see* 20 C.F.R. § 404.1520(a)(4)(iv). Past work is relevant to this analysis if the claimant performed the work within the past 15 years, the work qualifies as substantial gainful activity, and the work lasted long enough for the claimant to learn how to do it. 20 C.F.R. § 404.1560(b)(1). If the claimant's residual functional capacity (RFC) permits him to perform past relevant work, he is not disabled. *Combs*, 459 F.3d at 643. If a claimant cannot perform past relevant work, the ALJ proceeds to step five and determines whether, "in light of [her] residual functional capacity, age, education, and work experience," a claimant can perform other substantial gainful employment. *Id.* While the claimant bears the burden of proof during the first four steps, at step five the burden shifts to the Commissioner to "identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity and vocational profile." *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011). "Claimants who can perform such work are not disabled." *Combs*, 459 F.3d at 643; *see also* 20 C.F.R. § 404.1520(a)(4)(v).

## III. Analysis

### A. Burke's Orthopedic Impairments

Burke argues that the ALJ's determination that Burke's right hip and left shoulder impairments are nonsevere lacks the support of substantial record evidence. (Doc. No. 15.) The Acting Commissioner responds that any alleged error in finding these impairments nonsevere would be harmless because, once the ALJ found that Burke had other severe impairments, he was required to analyze the impact of all of Burke's impairments—severe and nonsevere—on Burke's ability to work. (Doc. No. 18.) Burke does not address the Acting Commissioner's harmless error argument in his reply. (Doc. No. 19.)

SSA regulations provide that, in determining a claimant's RFC, the ALJ will consider the limiting effects of all of a claimant's impairments, even those that are not severe. 20 C.F.R. § 404.1545(a)(2), (e); *see also* SSR 96-8P, 1996 WL 374184, at *5 (July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). The Sixth Circuit has therefore held that "'[t]he fact that some of [a claimant's] impairments were not deemed to be severe at step two is . . . legally irrelevant' where other impairments are found to be severe." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 852 (6th Cir. 2020) (alterations in original) (quoting *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008)). So long as the ALJ considers all of the claimant's impairments in formulating the RFC, "[a]n erroneous finding of nonseverity at step two is [ ] harmless . . . ." *Id.*; *see also Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) ("[W]hen an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error.'" (second alteration in original) (quoting *Maziarz v. Sec'y of Health & Hum. Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

Here, the ALJ found that Burke has severe impairments of "cervical and lumbar degenerative disc disease and obesity" but determined that Burke's shoulder and hip impairments are not severe. (AR 18.) The ALJ explained the governing regulations requiring that, in formulating the RFC, the ALJ consider "all of [Burke's] impairments, including impairments that are not severe." (AR 17 (first citing 20 C.F.R. §§ 404.1520(e), 404.1545; and then citing SSR 96-8p).) The ALJ further stated:

> I considered all of [Burke's] medically determinable impairments, including those that are not severe, when assessing [his] residual functional capacity. The nonsevere impairments have been considered both singly and in combination and it has been

> determined that they do not impose significant limitations on [Burke's] ability to perform work related activities.

(AR 19.)

Burke has not responded to the Acting Commissioner's argument that any error in finding his shoulder and hip impairments nonsevere is harmless given the ALJ's consideration of their limiting effects in formulating the RFC. The Court therefore finds Burke has not shown that remand is warranted on this ground. *See, e.g.*, *Emard*, 953 F.3d at 852; *Fisk*, 253 F. App'x at 583.

**B. Burke's Past Relevant Work**

Burke argues that the ALJ erred at step four in finding that Burke's work as a convenience store salesclerk from 2007 to 2009 was past relevant work under SSA regulations because Burke only worked part time, his earnings in 2007 and 2009 "fall woefully short of [substantial gainful activity (SGA)] levels," and his 2008 earnings "could constitute SGA[ ] only if you assume Burke worked consistently each month, which was not the case[.]" (Doc. No. 15, PageID# 376, 377.) Burke further argues that, because his work as a salesclerk included stocking items, it "is likely a composite job" with elements of salesclerk and stock clerk that "likely exceeds the strength requirements" in the ALJ's RFC. (*Id.* at PageID# 377.)

The Acting Commissioner responds that the ALJ properly classified Burke's salesclerk job as past relevant work because Burke (1) performed the work within the past fifteen years (2) for long enough to learn how to do it, and (3) his 2008 earnings rise to the SGA level. (Doc. No. 18.) The Acting Commissioner argues that "[w]hether [Burke] performed the job sporadically or on a part-time basis is irrelevant as long as the[se] three factors . . . are met." (*Id.* at PageID# 398.) The Acting Commissioner further argues that the record evidence does not support a finding that Burke's salesclerk position was a composite job because Burke testified that his salesclerk job did not require lifting more than ten pounds. (Doc. No. 18.)

Burke's reply reiterates his arguments that the salesclerk job was a part-time and composite position. (Doc. No. 19.)

"Past relevant work is work that [a claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). The claimant bears the burden to show at step four that they cannot perform any past relevant work. *See, e.g.*, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) ("[T]he burden of proof lies with the claimant at steps one through four of the process, culminating with a claimant's proof that she cannot perform her past relevant work."); *D'Angelo v. Comm'r of Soc. Sec.*, 475 F. Supp. 2d 716, 723 (W.D. Mich. 2007) ("It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work."). Burke has not disputed that his salesclerk work was done within the past fifteen years and lasted long enough for him to learn to do it. The only question for the Court is whether the salesclerk job qualifies as substantial gainful activity.

The SSA defines substantial gainful activity as "work activity that is both substantial and gainful[.]" 20 C.F.R. § 404.1572. Substantial means "work activity that involves doing significant physical or mental activities." *Id.* § 404.1572(a). Gainful means "work activity that [a claimant] do[es] for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b).

"For an employee, the primary factor in determining whether his or her past work is SGA 'will be the earnings [the employee] derive[d] from the work activity.'" *Robinson v. Comm'r of Soc. Sec.*, 426 F. Supp. 3d 411, 424 (E.D. Mich. 2019) (alterations in original) (quoting *Le v Astrue*, 540 F. Supp. 2d 1144, 1149 (C.D. Cal. 2008)); *see also* 20 C.F.R. § 1574(a)(1) ("Generally, in evaluating your work activity for substantial gainful activity purposes, our primary consideration

will be the earnings you derive from the work activity.”). SSA regulations create a rebuttable presumption that an employee was engaged in SGA if the employee’s average monthly earnings were above a certain amount established by SSA earnings guidelines. *See* 20 C.F.R. § 404.1574(b). The relevant guideline average earnings in Burke’s case are $900.00 per month (or $10,800.00 per year) for 2007; $940.00 per month (or $11,280.00 per year) for 2008; and $980.00 per month (or $11,760.00 per year) for 2009. *See* Social Security Program Operations Manual System (POMS), Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity, DI 10501.015 at ¶ B, Table 2, available at https://perma.cc/LTK9-DHQU.

The ALJ analyzed Burke’s past relevant work as follows:

> Substantial gainful activity (SGA) is defined as work activity that is both substantial and gainful. “Substantial work activity” is work activity that involves doing significant physical or mental activities (20 CFR 404.1572(a)). “Gainful work activity” is work that is usually done for pay or profit, whether or not a profit is realized (20 CFR 404.1572(b)). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA (20 CFR 404.1574 and 404.1575).
>
> * * *
>
> The claimant testified that he work[ed] at Foxland Market, a convenience store, from the end of 2008 until February of 2009. He worked from 3:00 PM until 10:10 PM three to five days each week. He was paid $8.25 per hour. The claimant’s detailed earnings query shows that he had wages from Foxland Market of $4,060.00 during 2007, $12,816.00 during 2008 and $6,515.00 during 2009. While it appears that the claimant’s memory was off regarding his dates of employment, the evidence is sufficient to show that the claimant performed this work during the 15 years prior to his date last insured, that the job lasted long enough to be learned, and that the claimant earned more than the amounts indicative of substantial gainful activity.
>
> In comparing the claimant’s residual functional capacity with the physical and mental demands of this work, I find that the claimant was able to perform it as actually and generally performed per the vocational expert’s testimony.

(AR 17, 23.)

Burke has not shown that the ALJ's determination violates SSA regulations or otherwise lacks the support of substantial record evidence. Burke's argument that part-time work cannot qualify as SGA contradicts SSA regulations stating that "work may be substantial even if it is done on a part-time basis . . . ." 20 C.F.R. § 404.1572(a).

With respect to earnings, the administrative record shows and Burke concedes that his yearly earnings as a salesclerk for 2008 were $12,816.00, which exceed the SGA threshold of $11,280.00 annually for 2008. (AR 151; Doc. No. 15.) Burke argues, however, that his 2008 earnings do not meet the *monthly* SGA threshold because "he testified [that] he worked sporadically as 'a part-time employee'" and did not "work[ ] consistently each month[.]" (Doc. No. 15, PageID# 377 (quoting AR 36).) This argument fails for two reasons. First, Burke testified that he worked as a salesclerk "[t]hree to five" days a week from "3:00 in the afternoon until 10:00 at night" and earned $8.25 per hour. (AR 36.) He did not testify that this was an irregular schedule or changed from month to month in 2008 and has not pointed to any record evidence to support such a finding. Second, Burke has not identified any SSA regulations or other authority to support his argument that the ALJ improperly averaged his 2008 yearly earnings across all twelve months of that year. *See, e.g.*, 20 C.F.R. § 404.1574a (explaining when and how the SSA will average a claimant's earnings for purposes of determining SGA).

Burke's argument that his activity stocking items as a salesclerk made the position "a composite job" with "significant elements of" a "stock clerk" position that "likely exceeds the strength requirements of light work" (Doc. No. 15, PageID# 377), is similarly unpersuasive. The vocational expert testified that Burke's prior work as a salesclerk falls within the definition of salesclerk provided in the Dictionary of Occupational Title (DOT) at 290.477-014. (AR 37.) The Acting Commissioner correctly states that the DOT defines salesclerks' duties to include

"[s]tock[ing] shelves, counters, or tables with merchandise." Sales Clerk, DOT 290.477-014, 1991 WL 672554 (4th ed. revised 1991). Burke thus has not shown that any stocking activity he performed was not included as part of his salesclerk position. Nor has he shown that his stocking activity exceeded the strength requirements of light work. SSA regulations provide that "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). As the Acting Commissioner points out, Burke completed a work history report stating that, as a salesclerk, he "stock[ed] cigarettes" and "the heaviest weight [he] lifted" was "[l]ess than 10 lbs[.]" (AR 185.)

Burke has not shown that the ALJ violated SSA regulations in finding that Burke's past work as a salesclerk constitutes prior relevant work or that this determination otherwise lacks the support of substantial record evidence.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Burke's motion for judgment on the administrative record (Doc. No. 14) be DENIED and that the Court AFFIRM the Acting Commissioner's final decision denying Burke's application for DIB benefits.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 2nd day of August, 2023.

ALISTAIR E. NEWBERN
United States Magistrate Judge